# Wessel *v.* Menkle, Appellant.

*Evidence—Partnership—Loan of money—Case for jury.*

In an action on a promissory note signed with a firm name, the plaintiff testified that she had given a check to her brother who had indorsed it with his own name and that of the firm whose name appeared on the promissory note, and that the proceeds of the check had gone into the firm's account. The brother testified that he attended to the financial business of the firm, and had deposited the check in the bank account of the firm. On cross-examination the brother was asked whether he had not borrowed the money from his sister on his own personal account for the purpose of making good a shortage which then existed in his account with the firm. An objection to the question was sustained by the trial judge. *Held*, (1) that the testimony should have been admitted, and (2) that as the entire testimony as to the authority of the brother to borrow the money for the firm was oral, the case was for the jury, and that binding instructions for the plaintiff was error.

Argued Oct. 17, 1913. Appeal, No. 141, Oct. T., 1913, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1909, No. 1,452, on verdict for plaintiff in case of Sarah Wessel v. Benjamin Menkle, Otto Menkle and Adolph Reinheimer, trading as Menkle Brothers. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit on a promissory note. Before SULZBERGER, P. J.

The obligation in suit was as follows:

"January 7, 1908.

"Received this day from Mrs. Sarah Wessel the sum of Four Hundred Dollars ($400) repayable at New York City (201 W. 117th St.) on demand.

"With 6% Int.

"MENKLE BROS."

The plaintiff testified that she had previously given her check in the following form:

"No. 109.           NEW YORK, January 6th, 1908.

"THE COLONIAL BANK,

"116th Street and 7th Avenue.

"Pay to the order of Adolph Reinheimer $400 00/100 Four Hundred & No/100 Dollars.

"Payable through New York Clearing House Safe Deposit Vaults.

"SARAH WESSEL.

"(Endorsed): Adolph Reinheimer, Menkle Bros."

Adolph Reinheimer, brother of the plaintiff and uncle of Benjamin and Otto Menkle, testified that he deposited the check in the bank account of Menkle Brothers, and that he had entire charge of the financial affairs of the firm.

On cross-examination he was asked this question:

"Q. Is it not a fact that you borrowed this money, if you borrowed it at all, on your own personal account,

for the purpose of making good a shortage that then existed in your account with Messrs. Menkle Brothers?"

Objected to by plaintiff.

The Court: If you amend that question I think I can sustain it. What did you tell your sister when you borrowed the money?

Mr. Weaver: I maintain that it makes no difference what he told his sister.

The Court: Then I will sustain the objection.

Exception for defendants. [3]

The court charged as follows:

The evidence is uncontradicted that the plaintiff gave $400 to the defendants. These $400 were given as a loan and they have not been returned, and, in the natural course of events, when one person loans money to another it is an implied contract that the money shall be returned. This has not been done, and it ought to be done. Of course, the defendants are entirely sincere in the belief that they ought not to do it, and they have two grounds for that belief. In the first place, though the defendants and their uncle made an arrangement by which the profits were to be divided into thirds, they appear to have stipulated or in some manner agreed that this man, who had a third interest in the profits, should not be a partner. Well, it does not matter whether he was or not. He attended to the financial part of their business and he got money for it from this woman. It does not matter whether he had authority to get this money at all. What matters is that they got the money and that they did not intend to return it. As an excuse for not returning it, they say, "We didn't know what was in our books." Well, as a matter of law that is not true, although it may be true as a matter of fact. Even as a matter of fact I doubt it, because within a very few months afterwards they did get rid of their uncle and they did have a lawsuit, and ever since the 1st of January, 1909, with

the aid of lawyers and accountants, those two people have not been able to find out whether on their books they had that $400 deposit.

If that was an issue in the case, you might believe it. I would not. But that is immaterial. The money has been traced to them, and it has not been traced out of them. They do not say now they did not use it in their business for buying clothing.

Under all the circumstances I direct you to find a verdict for the plaintiff for the amount of the claim.

Verdict and judgment for plaintiff for $529.72. Defendant appealed.

*Errors assigned* among others were (3) rulings on evidence, quoting the bill of exceptions, and (5) charge of the court, quoting it.

*John Weaver,* for appellant.

*Sydney Young,* for appellee.

Opinion by Porter, J., April 20, 1914:

The plaintiff brought this action to recover the amount of a loan alleged to have been made to the defendants, evidenced by a promissory note payable on demand. The learned judge who presided at the trial gave binding instructions in favor of the plaintiff and Benjamin Menkle and Otto Menkle, partners trading as Menkle Bros., appeal from the judgment entered upon the verdict.

The plaintiff testified that she had made the loan upon the application of her brother, Adolph Reinheimer, in behalf of Menkle Bros. That she had given to Reinheimer her check, payable to his order, for the amount of the loan and that he had thereupon given to her the promissory note, payable on demand, signed "Menkle Bros.," which signature was in the handwriting of Reinheimer. She produced the check, which had been paid through the New York clearing house, and

bore the indorsements of Adolph Reinheimer and "Menkle Bros." She testified that the indorsement of Menkle Bros. upon the check was also in the handwriting of Adolph Reinheimer. The appellants, Benjamin Menkle and Otto Menkle, having filed an affidavit of defense averring that Reinheimer was not a member of the partnership of Menkle Bros. and had no authority to borrow money or sign notes for that firm, the burden was upon the plaintiff to produce evidence establishing the authority of Reinheimer to bind the firm. The plaintiff did not attempt to meet this burden by showing that Reinheimer was a member of the partnership, but attempted to show that the appellants had actually received the money. She called her brother, Reinheimer, who testified that he attended to the financial business of Menkle Bros., that the firm was in need of money and that he had applied to his sister for this loan; that when he received the check payable to his own order he indorsed upon it his own name and that of Menkle Bros. and deposited it in the bank account of the firm. He testified, also, that he had authority to sign the name of Menkle Bros. to checks drawn upon that bank account. Having thus testified in chief, this witness was upon cross-examination asked this question: "Q. Is it not a fact that you borrowed this money, if you borrowed it at all, on your own personal account, for the purpose of making good a shortage that then existed in your account with Messrs. Menkle Bros.?" The court sustained an objection to this question, to which ruling the defendants took an exception, which is the foundation of the third specification of error. We are of opinion that this evidence should have been admitted. The whole tenor of the testimony of this witness was to fix a liability upon the defendants upon the ground that the check of the plaintiff had gone into the bank account of the firm, that they must be held to have received the money from her as a loan, and, therefore, ought to repay it. The answer to the question, which was ex-

cluded, must necessarily have thrown light not only upon the character of the transaction between the witness and his sister, the plaintiff, but upon the true nature of the deposit of the check in the bank account of the firm. Was this a loan to the defendants, or to their defaulting clerk, the witness? Was the check deposited a loan by the plaintiff or a payment by the witness upon the shortage in his account? The third specification of error is sustained. The entire testimony as to the authority of Reinheimer to borrow money for this firm was oral, the credibility of the witnesses was for the jury, and the learned judge of the court below fell into error in giving binding instructions in favor of the plaintiff. The sixth specification of error must, for this reason, be sustained.

The judgment is reversed and a new venire awarded.